# In the United States Court of Federal Claims

No. 11-891C

Filed: September 26, 2012

**NOT TO BE PUBLISHED**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| | \* |
| CASSIE ELIZABETH MCKENZIE, | \* |
| | \* |
| Plaintiff, *pro se*, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant, | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Cassie McKenzie,** Danbury, Connecticut, Plaintiff, *pro se*.

**Eric Bruskin,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINON AND FINAL ORDER

**BRADEN,** *Judge*.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]

Cassie McKenzie ("Plaintiff") was, and remains, a prisoner at the Federal Correctional Institution in Danbury, Connecticut. Compl. at 1. On December 20, 2011, Plaintiff filed a *pro se* Complaint in the United States Court of Federal Claims entitled "Redress of Denied Agency Claims Under the Federal Tort Claims Act in Pursuant [*sic*] to the Provisions of the Tucker Act (28 U.S.C § 1346 (a)(2), 1491)." Compl. at 1.

The December 20, 2011 Complaint specifically requested redress for three separate claims previously rejected by the Federal Bureau of Prisons ("BOP"). Compl. at 1. Claim 1 states that a public and private nuisance was caused by five faucets in Plaintiff's prison housing unit (Unit 3-C) that emitted a foul odor, only one of which was operative. Compl. at 3-4. These conditions also were alleged to violate the BOP's statutory duty under 18 U.S.C. § 4042 to provide inmates with suitable conditions and reasonable care, creating a private right, common to

---

[1] The facts discussed herein are derived from the December 20, 2011 Complaint ("Compl."), as well as other filings submitted by Plaintiff.

the general public, the violation of which caused Plaintiff to suffer a significant harm that is of a "continuous tortious nature." Compl. at 4; *see also id*. at 5 (citing Restatement (Second) of Torts, § 831(f) (for the proposition that "[t]here is liability for a nuisance only to those to whom it causes significant harm")). For this injury, Plaintiff seeks $4 million in damages.

Claim 2 states that prison officials engaged in retaliatory behavior by removing her from a work project assigned shortly after learning of her internal complaint to the BOP. Compl. at 8-9. For this injury, Plaintiff seeks $10 million in damages. Compl. at 7.

Claim 3 further states that Plaintiff suffered severe anxiety and chest pains, as a result of the circumstances alleged in Claim 2, affecting her quality of life and leisure time. Compl. at 13-14. In addition, an inmate injured Plaintiff. Compl. 15-16.

On February 10, 2012, Plaintiff filed a motion entitled "Request To Seek A Declaratory Judgment And Issuance Of Comptempt [*sic*] Order" ("Pl. Mot."). Pl. Mot. at 1. This motion alleged that prison officials confiscated legal documents from Plaintiff's cell, nominally to be stored in the law library. *Id.* at 4. After moving the documents to the law library, Plaintiff was informed that she could not store documents there. *Id.* The Complaint alleges that these actions were an illegal search and seizure that deprived Plaintiff and other inmates of constitutionally guaranteed rights. *Id.* Therefore, Plaintiff seeks a declaratory judgment to require the BOP to allow her to store legal documents in the law library and a contempt order for alleged constitutional violations. *Id.*

On February 17, 2012, the Government filed a Motion To Dismiss And Opposition To Plaintiff's "Request To Seek A Declaratory Judgment And Issuance Of Comptempt Order" ("Gov't Mot."), because the court does not have jurisdiction to adjudicate Plaintiff's claims, as they sound in tort, nor the ability to grant equitable relief. Gov't Mot. at 1-4.

On April 25, 2012, Plaintiff filed a "Motion To Strike Defendant's Motion To Dismiss And Reply To Opposition To Plaintiff's 'Request To Seek A Declaratory Judgment And Issuance Of Comptempt Order" ("Pl. Op."). The April 25, 2012 motion states that Plaintiff meets the statutory definition of "contractor," providing the court with jurisdiction to adjudicate her claim. Pl. Op. at 1. In the alternative, Plaintiff is a "real-party-in-interest" to a contract that was created through the vestment of statutory obligations in BOP. *Id.*

On May 4, 2012, the Government filed a Motion To Suspend Briefing because Plaintiff's motions would require a significant amount of time that will be unnecessary if the court concludes that it does not have jurisdiction to adjudicate Plaintiff's claims. *Id.* On May 11, 2012, the court granted the Government's May 4, 2012 Motion.

Nevertheless, on May 29, 2012, the Government filed a Reply In Support Of Its Motion To Dismiss ("Gov't Reply"), arguing that no BOP contract with Plaintiff exists and the appropriate remedy for Plaintiff's grievances lies in a Federal Tort Claims Act case. Gov't Reply at 2.

On May 22, 2012, Plaintiff filed "Plaintiff's Request to Pursue ADR Proceeding" seeking to enter Alternative Dispute Resolution ("ADR") regarding her claims. On June 7, 2012, the Government filed a Response ("Gov't Resp. to ADR"), contending that ADR is inappropriate in this case for the reasons asserted in the Government's February 17, 2012 Motion to Dismiss. Gov't Resp. to ADR at 1.

On June 7, 2012, Plaintiff filed a "Traverse To Defendant's Reply In Support Of Its Motion To Dismiss," arguing that the BOP's legal obligations constitute a contract. Pl. Reply at 2. On June 12, 2012, this court allowed Plaintiff's "Traverse" to be filed as a Sur-Reply, but advised the Government that no response was required.

On July 10, 2012, the court received Plaintiff's "Request Immediate Release From SHU Or Facility Pending Investigation," alleging that she did not have paper or other supplies necessary adequately to fashion a request that the court release her from her housing unit. *Id.* at 1.

On July 12, 2012, Plaintiff submitted a "Contempt By Staff Issue Injunction To A Safer Institution Until Disposition Of Case Or Plaintiff's Release From Prison," alleging that Plaintiff will be denied due process if she remained in a prison where officials had engaged in retaliatory behavior against her. *Id.* at 1. The court was requested to issue an injunction, transferring Plaintiff to another institution, while the case was pending. *Id.*

On July 13, 2012, this court issued an order allowing the July 10 and July 12, 2012 documents to be filed.

## II.    JURISDICTION.

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. § 1491 (2006). The Tucker Act authorizes the court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exist." *United States* v. *Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Fisher* v. *United States*, 402 F.3d 1167, 1172 (Fed. Cir 2005) (*en banc*) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). The burden of establishing jurisdiction falls upon the plaintiff. *See FW/PBS, Inc.* v. *Dallas*, 493 U.S. 215, 231 (1990) (holding that the burden is on the plaintiff to allege facts sufficient to establish jurisdiction); RCFC 12(b)(1).

## III.    DISCUSSION.

### A.    Standard For Decision On Motion To Dismiss Under RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer* v. *United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke* v. *United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### B.    Standard Of Review For *Pro Se* Litigants.

The pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines* v. *Kerner,* 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers" (citations omitted) (internal quotation marks omitted)). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer* v. *United States,* 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke,* 60 F.3d at 799.

### C.    The Court's Resolution.

The Tucker Act provides that the United States Court of Federal Claims does not have jurisdiction to adjudicate cases "sounding in tort." 28 U.S.C. § 1491 (a)(1) (2006); *see also Aetna Cas. & Sur. Co.* v. *United States*, 655 F.2d 1047, 1059 (Ct. Cl. 1981) ("Tort claims, of course, are expressly beyond our Tucker Act jurisdiction."). All three claims alleged in the December 20, 2011 Complaint, however, sound in tort. Specifically, Plaintiff's claims of retaliation as an abuse of process sound in tort and must be dismissed. *See Lowe* v. *U.S.*, 76 Fed. Cl. 262, 265 (2007) (dismissing Plaintiff's abuse of process claim as sounding in tort). Likewise, Plaintiff's claim of intentional infliction of emotional distress also must be dismissed for the same reason. *See Kenney Orthopedic, LLC* v. *U.S.*, 83 Fed. Cl. 35, 45 (2008) (dismissing Plaintiff's intentional infliction of emotional distress claim as sounding in tort).

Plaintiff's argument that 18 U.S.C. § 4042 creates a contract between the BOP and the United States misunderstands the nature of a contract claim. "To plead a contract claim, whether express or implied, within Tucker Act jurisdiction, a complainant must allege mutual intent to contract including an offer, an acceptance, consideration and facts sufficient to establish that the contract was entered into with an authorized agent of the United States." *Lion Raisins, Inc.* v. *United States*, 54 Fed. Cl. 427, 431 (2002). Although 18 U.S.C. § 4042 requires the BOP to adhere to a reasonable standard of care in providing for prisoners, that obligation does not create a contract between the BOP and the Plaintiff in this case. If that duty is breached, "the

prisoner's remedy is an action against the United States, under the Federal Tort Claims Act." *Williams* v. *United States*, 405 F.2d 951, 954 (9th Cir. 1969).

As for Plaintiff's additional argument that the court has jurisdiction under 41 U.S.C. § 7104(b)(1), it fails to address the underlying problem that 18 U.S.C. § 4042 does not create a contract between the Plaintiff and the BOP. *See* 41 U.S.C. § 7104(b)(1) (providing that "a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary."). Plaintiff, however, does not satisfy the statutory definition of "contractor": "[t]he term 'contractor' means a party to a Federal Government *contract* other than the Federal Government." 41 U.S.C. § 7101(7) (emphasis added).

Plaintiff's assertion that 28 U.S.C. § 1491 provides the court with jurisdiction to grant requested equitable relief fails for the same reason. Section 1491(a)(2) states only that "to afford relief in such an action, the courts may award any relief that the court considers proper." As previously discussed, however, section 1491(a)(1) expressly limits the court's jurisdiction to cases "not sounding in tort." As such, Plaintiff has cited to a statute that only applies if the court has jurisdiction over her claims in the first instance.

## IV.    CONCLUSION.

Although Plaintiff may have a claim that may properly be adjudicated in a United States District Court, for the foregoing reasons, the Government's February 17, 2012 Motion To Dismiss is granted. The Clerk of Court of the United States Court of Federal Claims is instructed to enter judgment dismissing Plaintiff's December 20, 2011 *pro se* Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**